**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CONTEXT DIRECTION LLC,** | |
| Plaintiff, | Case No. 2:25-cv-00073 |
| v. | PATENT CASE |
| **HUFFINES CHEVROLET LEWISVILLE, INC., HUFFINES DODGE PLANO GP, INC., HUFFINES G PLANO, INC., HUFFINES H PLANO, INC., HUFFINES H MCKINNEY, L.P., AND HUFFINES K MCKINNEY, (GP), LLC** | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Context Direction LLC ("Context Direction" or "Plaintiff") files this Complaint for patent infringement against Huffines Chevrolet Lewisville, Inc., Huffines Dodge Plano GP, Inc., Huffines G Plano, Inc., Huffines H Plano, Inc., Huffines H McKinney, L.P., and Huffines K McKinney, (GP), LLC ("Huffines" or "Defendants"), and alleges as follows:

**I. PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 17330 Preston Rd, Suite 200D, Dallas, Texas 75252.

2. Upon information and belief, Defendant Huffines Chevrolet Lewisville, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent S. Ray Huffines, 4500 West Plano Parkway Plano, TX 75093. Defendant also maintains a place of business in this judicial District at 1400 S Stremmons Fwy, Lewisville, Texas 75067.

3. Upon information and belief, Defendant Huffines Dodge Plano GP, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent S. Ray Huffines, 4500 West Plano Parkway Plano, TX 75093. Defendant maintains a place of business in this judicial District at 4500 West Plano Parkway Plano, TX 75093.

4. Upon information and belief, Defendant Huffines G Plano, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent S. Ray Huffines, 4500 West Plano Parkway Plano, TX 75093. Defendant maintains a place of business in this judicial District at 909 Coit Rd, Plano, TX 75075.

5. Upon information and belief, Defendant Huffines H Plano, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent S. Ray Huffines, 4500 West Plano Parkway Plano, TX 75093. Defendant maintains a place of business in this judicial District at 909 Coit Road, Plano, TX 75075.

6. Upon information and belief, Defendant Huffines H McKinney, L.P. is an entity organized and existing under the laws of the State of Texas with a registered agent S. Ray Huffines, 4500 West Plano Parkway Plano, TX 75093. Defendant maintains a place of business in this judicial District at 909 Coit Road, Plano, TX 75075.

7. Upon information and belief, Defendant Huffines K McKinney, (GP), LLC is a limited liability company organized and existing under the laws of the State of Texas with a registered agent S. Ray Huffines, 4500 West Plano Parkway Plano, TX 75093. Defendant maintains a place of business in this judicial District at 4500 West Plano Parkway Plano, TX 75093.

## II. JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

9. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein at 1400 S Stremmons Fwy, Lewisville, Texas 75067, 4500 West Plano Parkway Plano, TX 75093, and 909 Coit Rd, Plano, TX 75075.

10. Without limitation, on information and belief, within this state, Defendants have used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendants have derived revenues from their infringing acts occurring within Texas. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their sale of products and/or services within Texas. Defendants have committed such purposeful acts and/or transactions in Texas such that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity.

11. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendants have businesses in this district at 1400 S Stremmons Fwy, Lewisville, TX 75067, 4500 West Plano Parkway, Plano, TX 75093, and 909 Coit Rd, Plano, TX 75075. On

information and belief, from and within this District Defendants have committed at least a portion of the infringements at issue in this case.

12.   For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

### III.   COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

13.   Plaintiff incorporates the above paragraphs herein by reference.

14.   On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module." A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

15.   Context Direction is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent. Accordingly, Context Direction possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendants.

16.   The invention relates to the field of detecting context of a mobile device and to a mobile device having context detection modules, especially to detect that the mobile device is in a moving vehicle. At the time of the original invention there was a problem of how a mobile device was able to use the onboard sensors to detect the current environment, activity, and circumstances of the user. With these sensors and automatic use of the sensor allow for safer operation of the mobile device when it can recognize the contexts

17. The prior art methods included detecting the approximate position on the basis of the signals of cell phone towers, however this method required compromising a delay in detection and accepting that there would be many false positives detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power reducing operating time of the mobile device, or reducing the amount of detecting the device could do to maintain its power capacity.

18. The inventors recognized the utility in creating an energy efficient and timely manner that enables the mobile device to be more efficient.

19. **Infringement**. Huffines has been and continues to directly infringe at least claims 1 and/or 23 of the '564 Patent in this District and elsewhere in the United States by selling used 2019 Audi Q7 Premium Plus, 2021 Audi Q3 Premium Plus, 2023 Audi A3 40 Premium, 2019 BMW X5 xDrive40i, 2021 BMW 3 Series 330i xDrive, 2021 BMW 430i, 2024 BMW x5 Sdrive40i, 2020 INFINITI Q50 Red Sport 400, 2019 Lexus NX 300h, 2021 Lexus GX 460, 2022 Lexus RX 350, 2022 Lexus UX 200 F Sport, 2023 Lexus RX 500h F Sport Performance, 2023 Lexus RX 350, 2023 Lexus RX 350 F Sport Handling, 2024 Lexus NX 350 Luxury, 2024 Lexus RX 350 Luxury, 2020 Mini Countryman Cooper S, 2020 Mazda CX-5 Grand Touring, 2021 Mazda CX-30 Premium Package, 2022 Mazda CX-9 Grand Touring, 2023 Mazda CX-50 2.5 S Preferred Plus Package, 2023 Mazda MX-5 Miata RF Grand Touring, 2016 Mercedes-Benz GLA 250, 2018 Mercedes-Benz GLA 250, 2020 Mitsubishi Outlander SE, 2022 Mitsubishi Outlander SEL, 2023 Mitsubishi Outlander SE, 2018 Nissan Kicks SV, 2019 Nissan Pathfinder SV, 2020 Nissan Rogue SV, 2021 Nissan Altima 2.5 SV, 2021 Nissan Armada Platinum, 2022 Nissan Rogue S, 2022 Nissan Altima 2.5 SV, 2024 Nissan Altima 2.5 SL, 2017 Toyota Corolla L, 2017 Toyota Avalon Hybrid Limited, 2018 Toyota Camry XSE, 2019 Toyota Camry L, 2019 Toyota Corolla

L, 2019 Toyota Highlander LE, 2020 Toyota Camry SE, 2020 Toyota Camry Hybrid LE, 2020 Toyota Corolla L, 2020 Toyota RAV4 XLE, 2021 Toyota Tundra SR5 5.7L V8, 2021 Toyota Venza, 2021 Toyota RAV4 XLE, 2021 Toyota RAV4 Limited, 2021 Toyota RAV4 XLE, 2022 Toyota Sienna XLE, 2022 Toyota Camry XSE, 2023 Toyota Sienna XLE, 2024 Toyota Corolla Cross Hybrid Nightshade, 2018 Volkswagen Passat 2.0T SE, 2022 Volkswagen Taos 1.5T SE, 2022 Volkswagen Tiguan 2.0T SE, 2023 Volkswagen Atlas 3.6L, V6 SE w/ Technology, 2023 Volkswagen Atlas Cross Sport 3.6L V6 SEL, ("Accused Instrumentality"). For example, as shown in the attached claim charts (Exhibit 1-A through 1-I), the Accused Instrumentality infringe at least claims 1 and/or 23 of '564 Patent.

20. Defendants perform and induce others to perform a method for detecting a context of a mobile device equipped with a plurality of sensors. For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors"). For example, the Accused Instrumentality comprises software modules as a part of the operating system executing in the Accused Instrumentality that controls the camera sensor, radar sensor, steering sensor, braking sensor, and speed sensor. The software module monitors the environment to capture and process images and control the vehicle. The camera and radar determine the position of the vehicle with respect to the surrounding vehicles ("detecting a context") by determining at least a distance from the surrounding vehicles. The steering, braking and speed sensors help in controlling the vehicle by steering the vehicle, applying brakes, and controlling the speed of the vehicle (that depict the position of the vehicle relative to the surrounding environment such as the road and the surrounding vehicles) ("detecting a context").

21. Defendants perform and induce others to perform a step of assigning the plurality of sensors to a plurality of sensor groups, wherein each sensor group is assigned at least one sensor.

For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2 ("plurality of sensor groups").

22. Defendants perform and induce others to perform a step of arranging the sensor groups according to a hierarchy. For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2. The Accused Instrumentality provides safety sensors that comprise features including but not limited to pre-collision system with pedestrian detection, dynamic radar cruise control, lane departure alert with steering assist, and lane tracing assist. For example, the Accused Instrumentality performs the following steps to control movement of the vehicle. The steering sensor, braking sensor and speed sensor are activated first to measure and control at least the moving vehicle's speed, braking and steering. Once the vehicle is moving, the camera and radar are activated to monitor the objects (including but not limited to vehicles, roads, trees) surrounding the Accused Instrumentality. If the Accused Instrumentality detects, using the camera and radar, that there are objects/vehicles near the Accused Instrumentality, the speed sensor increases and/or decreases the speed of the vehicle to avoid collisions. Further, the steering sensor steers the vehicle left and/or right to avoid any surrounding objects and to automatically change lanes and/or to keep the vehicle within the lane.

Therefore, Groups 1 and 2 are arranged according to a hierarchy since Group 1 comprising the steering sensor, braking sensor and speed sensor is activated first and Group 2 comprising the camera and radar is activated second.

23. Defendants perform and induce others to perform a step of activating a classification by a classifier assigned to a second sensor group after a result of a classification by a classifier assigned to a first sensor group, wherein the second sensor group is at a higher level in the hierarchy than the first sensor group. For example, the software module 2 ("a classifier assigned to a second sensor group") for Group 2 ("second sensor group") comprising camera and radar is executed ("activate a classification") to take distance measurements of the surrounding objects and determine the position of the vehicle relative to the surrounding objects ("context of the mobile device") after the software module 1 for Group 1 comprising the steering, braking and speed sensor is executed ("after a result of the classification by the classifier assigned to the first sensor group"). It is apparent for a person skilled in the art that in order to detect the objects surrounding a moving vehicle, the steering, braking and speed sensors will be activated first so that the vehicle is in a moving state and to allow monitoring of vehicle's speed, braking and steering. Next, the camera and radar are activated such that the movement of the vehicle is controlled based on the information (regarding any surrounding objects) received from the camera and radar.

24. Defendants perform and induce others to perform a step of adapting a configuration of the classifier assigned to the first sensor group based, at least in part, on a result of the classification by the classifier assigned to the second sensor group. For example, the configuration (including but not limited to the software variables used in the software module) of the software module 1 ("classifier assigned to first sensor group") assigned to steering, braking and speed sensors is adapted/modified based on the software module 2 ("classifier assigned to the second sensor group") assigned to the camera and radar. The camera processes the image and the radar

detects and calculates the distance of the objects surrounding the moving vehicle. The information collected from camera and radar teaches the steering sensor, braking sensor, speed sensor and the classifier assigned to first sensor group to control the motion of the moving car. For example, as a part of safety sensors, upon detection of any hazard or car nearby, the camera and radar teach the steering sensor and the corresponding classifier to automatically change lane and/or adjust the vehicle's position within the lane. The camera and radar, as a part of dynamic radar cruise control feature, teach the speed sensor, the brake sensor and the corresponding classifier to increase and/or decrease the vehicle speed to maintain the necessary distance from the vehicle in front of the Accused Instrumentality.

25. Moreover, Defendants' acts of direct and indirect infringement of the '564 Patent occurred with Defendants' full knowledge that their selling and offering for sale of the Accused Instrumentalities constitutes infringement of the '564 Patent. In particular, on or about October 26, 2023, Plaintiff provided written notice to Defendants regarding their infringement of the '564 Patent. Defendant was thus made aware of the '564 Patent and the fact that Defendants were selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the Accused Instrumentalities. Defendants' infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Direction of its attorneys' fees in accordance with 35 U.S.C. § 285.

26. Context Direction is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

27. Context Direction will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### IV. COUNT II
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

28. Plaintiff incorporates the above paragraphs herein by reference.

29. On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device." A true and correct copy of the '791 Patent is attached hereto as Exhibit B and incorporated herein by reference.

30. Context Direction is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent. Accordingly, Context Direction possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendants.

31. The '791 Patent shares the identical specification as the '564 patent and therefore Context direction incorporates the background and discussion of the invention in Paragraphs 11-13.

32. **Infringement**. Huffines has been and continues to directly infringe at least claim 1 of the '791 Patent in this District and elsewhere in the United States by selling used 2021 Lexus GX 460, 2019 Lexus NX 300h, 2024 Lexus NX 350 Luxury, 2023 Lexus RX 350, 2023 Lexus RX 350 F Sport Handling, 2024 Lexus RX 350 Luxury, 2023 Lexus RX 500h F Sport Performance, 2022 Lexus RX 350, 2022 Lexus UX 200 F Sport, Mazda CX-5 Grand Touring, 2023 Mazda CX-50 2.5 S Preferred Plus Package, 2022 Mazda CX-9 Grand Touring, 2023 Mazda MX-5 Miata RF Grand Touring, 2021 Mazda CX-30 Premium Package, 2024 Nissan Altima 2.5 SL, 2022 Nissan Altima 2.5 SV, 2021 Nissan Altima 2.5 SV, 2021 Nissan Armada Platinum, 2018 Nissan Kicks SV, 2019 Nissan Pathfinder SV, 2022 Nissan Rogue S, 2020 Nissan Rogue SV, 2017 Toyota Avalon Hybrid Limited, 2019 Toyota Camry L, 2020 Toyota Camry SE, 2022 Toyota

Camry XSE, 2018 Toyota Camry XSE, 2020 Toyota Camry Hybrid LE, 2020 Toyota Corolla L, 2019 Toyota Corolla L, 2017 Toyota Corolla L, 2024 Toyota Corolla Cross Hybrid Nightshade, 2019 Toyota Highlander LE, 2021 Toyota RAV4 Limited, 2021 Toyota RAV4 XLE, 2020 Toyota RAV4 XLE, 2021 Toyota RAV4 XLE, 2023 Toyota Sienna XLE, 2022 Toyota Sienna XLE, 2021 Toyota Tundra SR5 5.7L V8, 2021 Toyota Venza, ("Accused Instrumentality"). For example, as shown in the attached claim charts (Exhibit 1-J through 1-M), the sale of the '791 Patent Accused Instrumentalities infringes at least claim 1 of the '791 patent.

33. Moreover, Defendants' acts of direct and indirect infringement of the '791 Patent occurred with Defendants' full knowledge that their selling and offering for sale the '791 Patent Accused Instrumentalities constitutes infringement of the '791 Patent. In particular, on or about October 26, 2023, Plaintiff provided written notice to Defendants regarding their infringement of the '791 Patent. Defendants were thus made aware of the '791 Patent and the fact that Defendants were selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Instrumentalities. Defendants' infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Direction of its attorneys' fees in accordance with 35 U.S.C. § 285.

34. Context Direction is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

35. Context Direction will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## V. COUNT III
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 11,057,738)

36. Plaintiff incorporates the above paragraphs herein by reference.

37. On July 6, 2021, United States Patent No. 11,057,738 ("the '738 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '738 Patent is titled "Adaptive Context Detection in Mobile Devices." A true and correct copy of the '738 Patent is attached hereto as Exhibit C and incorporated herein by reference.

38. Context Direction is the assignee of all right, title, and interest in the '738 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '738 Patent. Accordingly, Context Direction possesses the exclusive right and standing to prosecute the present action for infringement of the '738 Patent by Defendants.

39. The '738 Patent shares the identical specification as the '564 patent and therefore Context direction incorporates the background and discussion of the invention in Paragraphs 11-13.

40. **Infringement**. Huffines has been and continues to directly infringe at least claims 1 and 28 of the '738 Patent in this District and elsewhere in the United States by selling used 2021 Lexus GX 460, 2019 Lexus NX 300h, 2024 Lexus NX 350 Luxury, 2023 Lexus RX 350, 2023 Lexus RX 350 F Sport Handling, 2024 Lexus RX 350 Luxury, 2023 Lexus RX 500h F Sport Performance, 2022 Lexus RX 350, 2022 Lexus UX 200 F Sport, Mazda CX-5 Grand Touring, 2023 Mazda CX-50 2.5 S Preferred Plus Package, 2022 Mazda CX-9 Grand Touring, 2023 Mazda MX-5 Miata RF Grand Touring, 2021 Mazda CX-30 Premium Package, 2024 Nissan Altima 2.5 SL, 2022 Nissan Altima 2.5 SV, 2021 Nissan Altima 2.5 SV, 2021 Nissan Armada Platinum, 2018 Nissan Kicks SV, 2019 Nissan Pathfinder SV, 2022 Nissan Rogue S, 2020 Nissan Rogue SV, 2017 Toyota Avalon Hybrid Limited, 2019 Toyota Camry L, 2020 Toyota Camry SE, 2022 Toyota Camry XSE, 2018 Toyota Camry XSE, 2020 Toyota Camry Hybrid LE, 2020 Toyota Corolla L,

2019 Toyota Corolla L, 2017 Toyota Corolla L, 2024 Toyota Corolla Cross Hybrid Nightshade, 2019 Toyota Highlander LE, 2021 Toyota RAV4 Limited, 2021 Toyota RAV4 XLE, 2020 Toyota RAV4 XLE, 2021 Toyota RAV4 XLE, 2023 Toyota Sienna XLE, 2022 Toyota Sienna XLE, 2021 Toyota Tundra SR5 5.7L V8, 2021 Toyota Venza, ("Accused Instrumentality"). For example, as shown in the attached claim charts (Exhibits 1-N – 1-Q), the Accused Instrumentalities infringe at least claims 1 and 28 of the '738.

41. Defendants perform and induce others to perform a method for detecting a context of a mobile device equipped with a plurality of sensors. For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors"). For example, the Accused Instrumentality comprises software modules as a part of the operating system executing in the Accused Instrumentality that control the camera sensor, radar sensor, steering sensor, braking sensor, and speed sensor. The software module monitors the environment to capture and process images and control the vehicle. The camera and radar determine the position of the vehicle with respect to the surrounding vehicles ("detecting a context") by determining at least a distance from the surrounding vehicles. The steering, braking and speed sensors help in controlling the vehicle by steering the vehicle, applying brakes, and controlling the speed of the vehicle (that depict the position of the vehicle relative to the surrounding environment such as the road and the surrounding vehicles) ("detecting a context").

42. Defendants perform and induce others to perform a step of assigning the plurality of sensors to a plurality of sensor groups, wherein each sensor group is assigned at least one sensor, and wherein the plurality of sensor groups is arranged hierarchically. For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises

sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2. The Accused Instrumentality provides safety sensors that comprises features including but not limited to pre-collision system with pedestrian detection, dynamic radar cruise control, lane departure alert with steering assist, and lane tracing assist. For example, the Accused Instrumentality performs the following steps to control movement of the vehicle. The steering sensor, braking sensor and speed sensor are activated first to measure and control at least the moving vehicle's speed, braking and steering. Once the vehicle is moving, the camera and radar are activated to monitor the objects (including but not limited to vehicles, roads, trees) surrounding The Accused Instrumentality. If the Accused Instrumentality detects, using the camera and radar, that there are objects/vehicles near the Accused Instrumentality, the speed sensor increases and/or decreases the speed of the vehicle to avoid collisions. Further, the steering sensor steers the vehicle left and/or right to avoid any surrounding objects and to automatically change lanes and/or to keep the vehicle within the lane. Therefore, Groups 1 and 2 are arranged according to a hierarchy since Group 1 comprising the steering sensor, braking sensor and speed sensor is activated first and Group 2 comprising the camera and radar is activated second.

43. Defendants perform and induce others to perform a step of activating a classification by a subsequent classifier after a result of a classification by a prior classifier. For example, the software module 2 ("a subsequent classifier") for Group 2 comprising camera and radar is executed ("activating a classification") to take distance measurements of the surrounding objects and determine the position of the vehicle relative to the surrounding objects after the

software module 1 for Group 1 comprising the steering, braking and speed sensor is executed ("after a result of the classification by a prior classifier"). It is apparent for a person skilled in the art that in order to detect the objects surrounding a moving vehicle, the steering, braking and speed sensors will be activated first so that the vehicle is in a moving state and to allow monitoring of vehicle's speed, braking and steering. Next, the camera and radar are activated such that the movement of the vehicle is controlled based on the information (regarding any surrounding objects) received from the camera and radar.

44.     Defendants perform and induce others to perform a step of and adapting a configuration of the prior classifier based, at least in part, on a result of the classification by the subsequent classifier. For example, the configuration (including but not limited to the software variables used in the software module) of the software module 1 ("prior classifier") assigned to steering, braking and speed sensors is adapted/modified based on the software module 2 ("subsequent classifier") assigned to the camera and radar. The camera processes the image and the radar detects and calculates the distance of the objects surrounding the moving vehicle. The information collected from camera and radar teaches the steering sensor, braking sensor, speed sensor and the classifier assigned to first sensor group to control the motion of the moving car. For example, as a part of safety sensors, upon detection of any hazard or car nearby, the camera and radar teach the steering sensor and the corresponding classifier to automatically change lane and/or adjust the vehicle's position within the lane. The camera and radar, as a part of dynamic radar cruise control feature, teach the speed sensor, the brake sensor and the corresponding classifier to increase and/or decrease the vehicle speed to maintain the necessary distance from the vehicle in front of the Accused Instrumentality.

45. Moreover, Defendants' acts of direct and indirect infringement of the '738 Patent occurred with Defendants' full knowledge that their selling and offering for sale the '738 Patent Accused Instrumentalities constitutes infringement of the '738 Patent. In particular, on or about October 26, 2023, Plaintiff provided written notice to Defendants regarding their infringement of the '738 Patent. Defendants were thus made aware of the '738 Patent and the fact that Defendants were selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the '738 Patent Accused Instrumentalities. Defendants' infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Direction of its attorneys' fees in accordance with 35 U.S.C. § 285.

46. Context Direction is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

47. Context Direction will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants, granting the following relief:

    a. Judgment that one or more claims of United States Patent No. 9,807,654 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

    b. Judgment that one or more claims of United States Patent No. 10,142,791 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

    c. Judgment that one or more claims of United States Patent No. 11,057,738 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants

    d. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

  e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

  f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## V. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 24, 2025

Respectfully submitted,

*/s/ Steven G. Kalberg*
David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131)
*(Admitted to U.S. District Court for the Eastern District of Texas)*
DIRECTION IP LAW
P.O Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
Email: dbennett@directionip.com

**COUNSEL FOR PLAINTIFF
CONTEXT DIRECTION LLC**